**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                           Case Nos.   96-20046
                                                                   97-20004

CELESTER R. DEGROAT,

       Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S "MOTION TO RECONSIDER
OVERSIGHT OF PETITIONER[']S PSI."**

Before the court is Defendant's "Motion to Reconsider Oversight of Petitioner[']s PSI." In his motion, Defendant asserts that the court overlooked a factual finding concerning the drug quantity attributable to Defendant when declining to modify Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2). The court will deny the motion.

In 1997, Defendant was convicted of two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), and one count of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846. At sentencing, Defendant was held accountable for 5.475 kilograms of cocaine base and subsequently sentenced to 576 months in prison and five years of supervised release for the courts involving violations of § 841(a)(1). In 2009, the court declined to modify Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2). In this motion, Defendant

1

contends that the court must reconsider its order declining to modify his sentence and to correct an alleged factual oversight in the court's decision. Although Defendant cites Federal Rule of Civil Procedure 60(a), his motion could also be interpreted as a motion for reconsideration under Eastern District of Michigan Local Rule 7.1(h). Accordingly, the court will address Defendant's motion under both rules.

Under Local Rule 7.1(h), Defendant's motion for reconsideration is untimely. A motion for reconsideration must be filed within 14 days after entry of the judgment or order. On July 2, 2009, the court entered an order declining to modify Defendant's sentence. The court's most recent order, denying Defendant's "motion to amend and supplement pleadings," was entered on February 12, 2010. Defendant filed his motion for reconsideration on May 19, 2010. Because Defendant failed to file his motion within "14 days after entry of judgment or order," the motion is untimely under Local Rule 7.1(h)(1).

Setting aside Defendant's failure to comply with the time restrictions set forth in Local Rule 7.1, the substance of Defendant's motion is without merit. To grant Defendant's motion for reconsideration, Defendant must demonstrate that a "palpable defect" misled the court's decision. Under Fed. R. Civ. P. 60(a), Defendant must demonstrate that the court committed a "clerical mistake or a mistake arising from oversight or omission." Defendant failed to satisfy either of these requirements.

Defendant contends that the court's sentence, holding Defendant accountable for 5.475 kilograms of cocaine base, is based on a factual oversight. Defendant maintains that he is only accountable for 3.225 kilograms of cocaine base and that the court erred in relying on Eugene Beaver's trial testimony to calculate the amount of cocaine base

2

attributable to Defendant.  In support of his contention, Defendant argues that since the probation officer originally calculated the drug quantity using figures from Beaver's Grand Jury testimony, which indicates Defendant is accountable for only 3.225 kilograms of cocaine base, the court should also use Beaver's Grand Jury testimony to determine Defendant's sentence.  However, Defendant fails to provide any authority, and the court is aware of none, requiring the court to rely on Grand Jury testimony when sentencing Defendant simply because a probation officer originally relied on Grand Jury testimony.  Requiring the court to use Grand Jury testimony, which may not even be admissible evidence at trial, as determinative evidence in Defendant's sentencing is insupportable because an abundance of evidence was presented at trial to guide the court in determining Defendant's sentence.

Eugene Beaver's trial testimony unequivocally establishes that Defendant is accountable for 5.475 kilograms of cocaine base.  As illustrated in Petitioner's Presentence Investigation Report, Beaver testified at trial that Defendant handled 192.06 ounces of crack cocaine from January 1993 to July 1994.  In addition, both Jennifer Foote and Ashley Neil testified at trial that they purchased crack cocaine from the defendant between 1994 and 1996.  The report conservatively states that Defendant sold Foote and Neil 7 grams and .7 grams of crack cocaine, respectively.  Furthermore, the Michigan State Police presented reports at trial indicating that in 1996, 20.43 grams of crack cocaine were seized during a search of Defendant's home and that on two occasions the Federal Bureau of Investigation conducted controlled purchases of 1.58 grams of crack cocaine.  As the Presentence Investigation Report correctly indicates, the testimony and reports presented at trial indicate a drug quantity of 5.475 kilograms

of cocaine base.

The court reasonably relied on the aforementioned evidence presented at trial to determine Defendant's sentence. Defendant's assertion that the court erred in using Beaver's trial testimony as evidence of drug quantity is insufficient to demonstrate a "palpable defect" or "clerical mistake or a mistake arising from oversight or omission" in the court's decision. *See* E.D. Mich. R. 7.1(h)(3); Fed. R. Civ. P. 60(a). The figures the court used to calculate the drug quantity attributable to Defendant were explicitly endorsed and supported by the Presentence Investigation Report and the evidence presented at trial. Accordingly,

IT IS ORDERED that Defendant's "Motion to Reconsider Oversight of Petitioner[']s PSI" [96-20046, Dkt. # 91; 97-20004, Dkt. # 377] is DENIED.

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 30, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 30, 2010, by electronic and/or ordinary mail.

  S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\96-20046.DEGROAT.Deny.Mot.Reconsid.bsc.kg.wpd

4