UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       Case Nos. 96-20046
                                                           97-20004

CELESTER R. DEGROAT,

    Defendant.
    _____/

**OPINION AND ORDER DECLINING TO
MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582**

Defendant Celester R. DeGroat was convicted in 1997 on two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), and one count of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846. At sentencing, based on the testimony of his co-conspirators, the court found that Defendant possessed 5.475 kilograms of cocaine base. Given Defendant's criminal history and role as a leader or organizer in his conspiracy, this resulted in a Guidelines range of 360 months to life imprisonment. Ultimately, the court sentenced Defendant to 576 months' imprisonment.

Defendant moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c), which permits the court to reduce Defendant's term of imprisonment if his sentencing range has been subsequently lowered by the Sentencing Commission. Defendant argues that Amendment 591 to the United States Sentencing Guidelines, which modified USSG

§§ 1B1.1(a), 1B1.2(a), and 2D1.2, *see United States v. Smith*, 88 F. App'x 71, 72–73 (6th Cir. 2004), has the effect of reducing his sentence. The court disagrees.

Section 1B1.1(a)(2) of the Sentencing Guidelines provides that "[a] reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." Under the current Guidelines, given the court's finding that Defendant possessed 5.475 kilograms of cocaine base, Defendant would receive a base offense level of 36. USSG § 2D1.1(c)(2). The court also concluded at the sentencing hearing that Defendant should receive a four-level enhancement for his role as a leader or organizer of the criminal conspiracy pursuant to USSG § 3B1.1(a). Thus, under the current Guidelines, Defendants' offense level would be 40. Given Defendant's criminal history score of IV, his current Guidelines calculation would be 360 months to life, which is the same Guidelines range that resulted from the court's original sentencing calculation. Thus, Amendment 591 to the Sentencing Guidelines has not resulted in a lower applicable guideline range for Defendant, and the court is not authorized to lower Defendant's sentence under § 3582. Accordingly,

IT IS ORDERED that Defendant's "Motion for Retroactive Application of Sentencing Guidelines" [Dkt. 93] is DENIED.

      s/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated: March 18, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 18, 2014, by electronic and/or ordinary mail.

                                         s/Lisa Wagner
                                         Case Manager and Deputy Clerk
                                         (313) 234-5522