**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA

        Plaintiff,

v.

        Case No. 96-cr-20046 and
        97-cr-20004

CELESTER RAYMOND DEGROAT, JR.,

        Defendant.
        _____/

**ORDER GRANTING MOTION TO TURN OVER FUNDS**

Pending before the court is a Motion to Turn over Funds (No. 96-cr-20046, Dkt. # 105; No. 97-cr-20004, Dkt. # 381) filed by the government on April 13, 2015. Having reviewed the briefs, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons below, the court will grant the motion.

On September 9, 1997, DeGroat was convicted by a jury of two counts of distribution of cocaine base, one count of possession with intent to distribution cocaine base, and one cound of conspiracy to possess with intent to distribute cocaine base. On December 11, 1997, the court sentenced DeGroat to 576 months imprisonment and five years of supervised release. The court also ordered DeGroat to pay a criminal fine in the amount of $25,000 and a special assessment of $400. On December 13, 2001, upon the government's motion, the court reduced the amount of the fine to $10,800. (No. 97-cr-20004, Dkt. # 28.)[1] As of April 10, 2015, the unpaid balance due of the fine was $9165.

---

[1] DeGroat provides documentation that the Bureau of Prisons has not modified the balance owed to reflect the reduction. The court trusts the government will ensure this error is corrected.

DeGroat is currently incarcerated at the Mendota Federal Correctional Institution in Mendota, California with a projected release date of March 6, 2039.  According to Degroat, in order to facilitate the retention of an attorney, his mother deposited $5000 in his inmate trust account.  The balance of the account was $5464.90 at the time the government filed in instant motion to turn over the funds.  DeGroat opposes the motion, insisting that he has complied with the terms of the Inmate Financial Responsibility Program.

A sentence imposing a fine constitutes a lien in favor of the government against all of a defendant's property.  18 U.S.C. § 3613(c).  Furthermore, the Mandatory Victoms Restitution Act provides that "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed."  18 U.S.C. § 3664(n).

The contents of DeGroat's account clearly fall within this definition and are available for the government to apply towards payment of the fine.  The fact that some of the money came from his mother is not relevant.  *See Wiggins v. United States*, No.. 98-cr-85, 2011 WL 1103416, at *2 (E.D.N.C. Mar. 22, 2011) (noting that § 3664(n) requires funds received from prisoner's wife to be applied satisfy an order of restitution).  Degroat's compliance with the Inmate Financial Responsibility Plan is also irrelevant.  *See United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008) (allowing garnishment notwithstanding compliance with a $25 monthly payment specified in the judgment); *United States v. Fisher*, No. 13-mc-51337, 2013 U.S. Dist LEXIS 165473, at *2 (E.D. Mich. Nov. 21, 2013) ("[A] payment schedule does not serve as a bar to further collection efforts by the government.").

DeGroat cites no authority for his argument that the funds are not available to the government.  Accordingly,

IT IS ORDERED that the government's Motion to Turn over Funds (Dkt. # 105 in No. 96-cr-20046 and Dkt. # 381 in No. 97-cr-20004) is GRANTED.

      S/Robert H. Cleland
     ROBERT H. CLELAND
     UNITED STATES DISTRICT JUDGE

Dated: June 12, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 12, 2015, by electronic and/or ordinary mail.

      S/Lisa Wagner
     Case Manager and Deputy Clerk
     (313) 234-5522